Roger HAAS, and Carla Haas, Appellants,

v.

Dr. James B. GAVISER, Respondent.

No. C5-83-1739.

Court of Appeals of Minnesota.

May 29, 1984.

Patrick V. Johnson, Speeter, Johnson, Hautman & Olson, Minneapolis, Jerome M. Rudawski, J. Michael Rudawski & Associates, St. Paul, for appellants.

Robert M. Frazee, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This appeal involves an action against Dr. James B. Gaviser, a plastic surgeon. The complaint alleged medical malpractice and negligent non-disclosure of risks in the treatment of Carla Haas' non-cancerous breast disease. At the close of plaintiffs' case, the trial court directed a verdict for the defendant. Plaintiffs appeal from the order denying a new trial. We reverse.

## FACTS

Because plaintiff Carla Haas was concerned about several non-malignant growths in her breasts her treating physician, Dr. Scott, suggested she undergo a subcutaneous mastectomy. According to Dr. Scott this surgical procedure would reduce the risk of cancer and of any cancer going undetected by removing 85–90% of her breast tissue. It would also eliminate the recurring need for biopsies of her breasts. Dr. Scott referred Haas to a plastic surgeon, the defendant Dr. Gaviser, who examined Haas and independently recommended the operation.

The surgery was performed but did not meet Haas' expectations. An implant was placed in only one breast but failed to give her breast a natural shape. One month later the incision on her breast opened, forcing removal of the implant. After two later attempts to successfully reinsert the implant Dr. Gaviser advised Haas that no further reconstruction of her breasts could be attempted. Haas' breasts remain deformed.

Carla Haas and her husband then brought suit against Dr. Gaviser alleging negligent diagnosis, treatment, and care as well as negligent non-disclosure of risks. At trial Haas offered the video taped deposition of Dr. C.D. Haagensen, a noted authority on the diagnosis and treatment of breast disease. Haagensen's qualifications included teaching surgery and pathology at Columbia Medical School, performing 1056 radical mastectomies and overseeing many others, and authoring a book in its fourth edition entitled "Diseases of the Breast" as well as many other articles on the subject. Haagensen also indicated he was generally familiar with the standards of care of breast disease in St. Paul and Minneapolis and with reconstructive techniques used following mastectomies.

The trial court excluded Dr. Haagensen's testimony for lack of foundation. After the Haases rested their case the trial court granted Dr. Gaviser's motion for a directed verdict on all counts because plaintiff failed to present evidence on the standard of care. Dr. Haagensen's testimony would have supplied the evidence the Haases needed to establish a prima facie case on their claims.

In its memorandum attached to the order denying a new trial, the trial court stated:

In regard to the exclusion of Dr. Haagensen's deposition from evidence, this Court is of the opinion that his expertise

was not sufficient to establish a practical knowledge of what is usually and customarily done by plastic surgeons in the twin cities under circumstances similar to those which confronted the Defendant. The Haases appeal from the order denying a new trial.

## ISSUE

Did the trial court properly exclude a witness' expert testimony in a medical malpractice action against a plastic surgeon because the witness was not a plastic surgeon from Minnesota?

## ANALYSIS

■ Whether sufficient foundation has been laid to qualify a witness as an expert is a question of fact for the trial court. *Cornfeldt v. Tongen,* 262 N.W.2d 684, 692 (Minn.1977). On appeal a trial court's ruling on foundation should be sustained "unless it is based on an erroneous view of the law or clearly is not justified by the evidence." *Id.* at 692; *Wohlfeil v. Murray Machinery Co.,* 344 N.W.2d 869, 875 (Minn. App.1984).

■ A trial court should determine the competency of a witness to provide expert medical testimony by examining "both the degree of the witness' scientific knowledge and the extent of the witness' practical experience with the matter which is the subject of the offered testimony." *Reinhardt v. Colton,* 337 N.W.2d 88, 93 (Minn. 1983).

■ In this case the trial court found Dr. Haagensen's experience insufficient because he was not a plastic surgeon and not practicing in Minnesota.

An inquiry into occupational experience must be more than a narrow review of the witness' specialty. As the Minnesota Supreme Court stated in 1970:

[O]pinion evidence is not restricted to the testimony of the person best qualified to give an opinion or even to some of the few persons best qualified. One may be competent to testify as an expert although he is not shown to be highly qualified to speak upon the subject or is not at the top of his profession. It is usually held that any person whose profession or vocation deals with the subject at hand is entitled to be heard as an expert, while the value of his evidence is to be tested by cross-examination and ultimately determined by the jury.

*Christy v. Saliterman,* 288 Minn. 144, 167, 179 N.W.2d 288, 303 (1970). In *Cornfeldt v. Tongen,* 262 N.W.2d 684, 693–4 (Minn. 1977) the Minnesota Supreme Court applied that rule. It held a trial court's exclusion of an internist's testimony concerning the surgeon's decision to operate "clear error" because the trial court based its decision only on the fact the internist was not a surgeon. *Id.* at 694. .

The trial court also applied a rule requiring that an expert medical witness be familiar with the practices in the defendant physician's locality. The supreme court abrogated application of that rule to specialists in *Christy v. Saliterman:*

It is common knowledge that urbanization and technological advances have significantly increased the availability of superior medical information to all practitioners. While the "locality rule" may still have some validity, as it applies to a general practitioner, it should provide no defense to a specialist who is presumed to be acquainted with the national standards of his profession. Plaintiff's task in procuring competent expert medical testimony is difficult enough, and it should not be increased by arbitrary and unrealistic limitations. (Cites and footnote omitted.)

*Christy,* 288 Minn. at 165–6, 179 N.W.2d at 302.

## DECISION

Since the trial court applied an erroneous view of the law, we reverse and remand for a new trial.